# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>)<br>TIMOTHY CLARK, )<br>       Plaintiff )<br>vs. )<br>)<br>)<br>)<br>RICHARD EDISON, )<br>       Defendant. )<br>_____ ) | **CIVIL ACTION**<br>**NO. 09-40040-FDS** |

## Order
### August 16, 2010

### Nature of the Case

The Plaintiff, Timothy Clark ("Clark") has filed a Complaint against Richard Edison ("Edison") alleging that Edison sexually assaulted him during a period from approximately 1974 to 1976.

### Nature of the Proceeding

By Order of Reference dated April 2, 2010, Defendant's Motion To Compel Production Of Plaintiff's Investigator's Materials (Docket No. 21) has been referred to me for disposition.

### Background Facts

Plaintiff filed this complaint in Worcester Superior Court on or about November 19, 2008. On February 12, 2009, Defendant filed a Notice of Removal to this Court. *See* Docket No. 1.  On August 31, 2009, Defendant served a request for the production of documents. *Def's First Request for Prod of Doc.*, *Exhibit 1*, attached to *Def's Sup of Mot. To Compel*

(Docket No. 22) ("*Def's Sup.*"). Plaintiff objected to a number of the Defendant's requests on the basis of work product doctrine and refused to disclose documents obtained by Plaintiff's investigator, John Lajoie ("Lajoie"). *Pl's Response to Def's First Request*, *Exhibit 2,* at 1-5, attached to *Def's Sup.* On December 29, 2009, Plaintiff provided a list of materials obtained or created in preparation for litigation.[1] *Letter from Stephen Gordon to David McCay*, *Exhibit 6*, attached to *Def's Sup.* On February 9, 2010, Defendant's counsel deposed Lajoie, who testified concerning his initial inquiry but refused to discuss any events occurring after Clark retained an attorney. *Deposition of John Lajoie* ("*Lajoie Dep.*")*, Exhibit 9*, at 38-40, attached to *Def's Sup.*

Thereafter, on March 16, 2010, Defendant filed his motion to compel the production of all materials developed by Lajoie.  Defendant states that he has been unable to obtain these materials independently and also requests a detailed privilege log and an opportunity to further depose Lajoie. *Id.* at 1-2. Additionally, Defendant asserts that he is entitled to all documents considered by the Plaintiff's expert witness, James W. Hopper ("Hopper").[2] *Letter from David McCay* (Docket No. 29).

---

[1] Items contained in Mr. Gordon's list of protected documents include 1) Dr. Edison's 1978 class year book 2) portions of Dr. Edison's web site 3) copies of Dr. Edison's Boards of Registration in Medicine Profiles 4) address and related information regarding Robert Frazer 5) information and material regarding Walter LeClair 6) materials from the Worcester Central District Court regarding Clark v. Edison 7) statement of Michael Clark 8) statement of Howard Gallant 9) statement of John Dattilio 10) public documents and materials from the Hollywood Police Department and 11) a resident listing for the town of Shrewsbury for 1975 through 1978.

[2] Hopper's expert witness report states that Dr. Hopper considered three hours of structured clinical interviews and telephone conversations with Mr. Clark, an hour of interview with Maria Clark, an hour of interview with Michael Clark, notes of and conversation with Mr. Clark's psychologist, Dr. Erik Nelson ("Dr. Nelson"), a clinical assessment of Mr. Clark's symptoms, a transcript of Plaintiff's deposition of Dr. Edison, transcripts of Defendant's depositions of Michael Clark, Howard Gallant, Dr. Nelson, and Mr. Lajoie, and a synopsis of investigative materials related to the case provided by Mr. Gordon. *Declaration of James W. Hopper* ("*Hopper Dec.*"), at ¶ 17.

Plaintiff filed an opposition to the motion on March 25, 2010. *See* Docket No. 25. Plaintiff states that although he retained Lajoie independently, Lajoie only conducted an initial inquiry before Plaintiff retained an attorney who directed Lajoie's activities. *Lajoie Dep.,* Exhibit 9, at 38-40, attached to *Def's Sup.* On June 21, 2010, the court heard oral arguments. Following oral arguments, Plaintiff submitted Hopper's expert witness report for *in camera* review.

<u>**Discussion**</u>

Ordinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation by or for another party. Fed R. Civ. P. 26(b)(3). This protection extends to materials prepared by an attorney's investigator in preparation for litigation. *United States v. Nobles*, 422 U.S. 225, 238-39 (1975). Generally, if preparation for litigation is the "primary motivating purpose behind the creation of the document" by an investigator, the document is protected whether an attorney or a client first retained the investigator. *See In re Atlantic Fin. Mgmt. Sec. Litig.*, 121 F.R.D. 141, 144 (D.Mass. 1988); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 708 (S.D.N.Y. 1979).

A party may obtain the factual information contained in work product through discovery devices. *See Tyler v. Suffolk County*, 256 F.R.D. 34, 38 (D.Mass. 2009). Nevertheless, the discovery of the contents of a protected document by means of a deposition is equivalent to discovering a tangible thing and, therefore, is prohibited. *Peterson v. United States*, 52 F.R.D. 317, 320 (S.D.Ill. 1971). Despite the protection given work product, a party may obtain another party's work product if the materials are otherwise discoverable and a

party has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain a substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3).

The items requested by Defendant are clearly protected under the work product doctrine. Although Plaintiff originally retained Lajoie, an attorney directed all of his activities after the initial inquiry. *See Westhemeco Ltd.*, 82 F.R.D. at 708. Although counsel had not initiated litigation against Defendant before Lajoie began performing his activities, preparation for litigation was clearly the primary motivating factor for conducting investigative work. *See In re Atlantic Fin. Mgmt. Sec. Litig.*, 121 F.R.D. at 144. Defendant will not be permitted an additional opportunity to depose Lajoie concerning his investigative efforts beyond his initial inquiry because further deposition would necessarily involve the disclosure of work product. *See Peterson,* 52 F.R.D. at 320.

*1. Substantial Need and Inability to Obtain a Substantial Equivalent*

Generally courts deny the discovery of an adversary's work product on the basis of substantial need where a party may obtain information through other means. *Gay v. P. K. Lindsay Co., Inc.*, 666 F.2d 710, 713 (1st Cir. 1981). Complaints of cost and inconvenience do not constitute a showing of substantial need and undue hardship. *See Colonial Gas Co. v. Aetna Cas. & Sur. Co.*, 139 F.R.D. 269, 275 (D.Mass. 1991). A party may have substantial need for unique information, such as statements taken contemporaneously in time to an event that contain immediate impressions of facts. *Fromson v. Anitec Printing Plates, Inc.*, 152 F.R.D. 2, 4 (D.Mass. 1993). However, substantial need does not exist where the statements obtained by an adversary were simply taken closer in time to an incident than a party could

have taken statements. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 190 F.R.D. 532, 538-39 (S.D.Ind. 1999).

The Defendant has not demonstrated substantial need to obtain Plaintiff's work product. The majority of the materials sought are public records and freely available, and this case does not present special circumstances that would create an undue burden upon the Defendant in obtaining these documents independently. *See Gay,* 666 F.2d at 713. At this time, Defendant has deposed two of the three witnesses whose statements he seeks from Plaintiff, and Defendant has not presented information suggesting that John Dattilio is unavailable. *Depositions of Michael Clark and Howard Gallant* ("*Clark and Gallant Deps.*"), *Exhibits 2* and *3*, attached to *Pl's Opp. to Def's Mot.* (Docket No. 25) ("*Pl's Opp.*"). Defendant has not demonstrated that inconsistencies likely exist between the statements obtained by the Plaintiff and statements obtained from the witnesses. *See Spruill v. Winner Ford of Dover, Ltd.*, 175 F.R.D. 194, 202 (D.Del. 1997). Furthermore, these statements do not contain unique value as first recollections of the incidents because Plaintiff obtained these statements almost thirty years after the incidents occurred and only five months before Defendant learned of the litigation. *Pl's Opp.* at 8.

*2. Materials Considered by an Expert*

A party must also disclose all materials, including work product, considered by an expert witness in forming an opinion. Fed. R. Civ. P. 26(a)(2)(b). Courts have interpreted the phrase "considered by an expert witness" to require a broader disclosure than simply those documents an expert relied upon in formulating an opinion. *See Karn v. Rand Co.*, 168 F.R.D. 633, 635-36 (N.D.Ind. 1996). A party must provide all materials that an expert creates,

5

reviews, reads, or uses in connection with formulating an opinion, even if the expert does not

utilize information from the materials. *Synthes Spine Co. v. Walden*, 232 F.R.D. 460, 464

(E.D.Pa. 2005).  Accordingly, the Defendant is entitled to all materials considered by Hopper

in formulating his opinion as listed in the expert witness report.

*3. Privilege Log*

When a party withholds information based upon a claim of protection under the work

product doctrine, a party must expressly make the claim and describe the nature of the

materials not disclosed in a manner that enables other parties to assess the claim. Fed. R. Civ.

P. 26(b)(5)(a). The detail included in the privilege log must be sufficient to judge whether the

undisclosed documents satisfy each element required for protection under the work product

doctrine. *See In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001). Generally, a

party does not need to provide information concerning the type, date, and author of a

document where such information is obvious from the document's title. *See Graham v.*

*Mukasey*, 247 F.R.D. 205, 206 (D.D.C. 2008). Nevertheless, a party's failure to provide

enough information to assess a claim may result in a waiver of protection and disclosure of

work product. *See Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 55 (D.

Conn. 2005).

The Plaintiff will not be required to submit an amended privilege log. Plaintiff has

provided to Defendant a list of documents prepared in anticipation of litigation, and

Defendant contested Plaintiff's work product claim on the basis of this information.[3] *See*

---

[3] Defendant failed to follow adequately Local Rule 37.1(b) in contesting Plaintiff's work product claim. Local Rule 37.1(b) requires that a party disclose details concerning the time, date, and location of the discovery conference seeking to the narrow the issues considered in the motion, each request raising an issue to be decided by the court and the response thereto, and a statement of the moving party's position as to each contested issue, with supporting legal authority, set forth separately and immediately following each contested item.

*Burlington Northern,* 408 F.3d at 1147-48. Although Plaintiff provided only a list of documents, the names of these documents clearly suggest the nature and the content of the materials. *See Graham*, 247 F.R.D. at 206. Additionally, the court has undertaken *in camera* review of Plaintiff's expert witness report to further assess Plaintiff's work product claim. Nevertheless, in future proceedings, Plaintiff should endeavor to provide as complete and accurate a privilege log as possible to his adversaries or risk waiver of work product protection. *See Breon*, 232 F.R.D. at 55.

<u>**Conclusion**</u>

It is ordered that:

Defendant Richard Edison's Motion To Compel Production Of Timothy Clark's Investigator's Materials (Docket No. 21) is ***<u>allowed</u>*** in part and ***<u>denied</u>*** in part.

<u>/s/</u> Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**MAGISTRATE JUDGE**